1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7          FOR THE DISTRICT OF ARIZONA
8
9   Jose Quiroz,                          )   No. CV-05-4123-PHX-JAT (LOA)
                                          )
10          Plaintiff,                    )   **REPORT AND RECOMMENDATION**
                                          )
11  vs.                                   )
                                          )
12  Joseph M. Arpaio,                     )
                                          )
13          Defendant.                    )
                                          )
14  _____      )

15          This matter arises on the Court's review of the file.  Plaintiff commenced this action on

16  December 16, 2005. (document # 1)  On January 13, 2006, the Court ordered service on

17  Defendant and ordered Plaintiff to file a completed service packet by February 2, 2006.

18  (document # 3)  The also Court directed Plaintiff to immediately notify the Court in writing of

19  any change in his address and warned Plaintiff that failure to do so could result in dismissal of

20  this action.  (Id.)  Additionally, LRCiv 83.3(d) obligates Plaintiff to immediately notify the

21  Court in writing of any change in address.

22          Thereafter, on February 28, 2006, the Court received returned mail addressed to Plaintiff

23  marked "undeliverable, released."   No alternate address for Plaintiff was found.  (document #

24  6) Additionally, Plaintiff did not returned a completed service packet by the February 2, 2006

25  deadline.  In view of Plaintiff's failure to comply with the Court's January 13, 2006 Order, the

26  Court ordered Plaintiff to show cause on or before March 31, 2006 why his action should not

27  be dismissed without prejudice for failure to comply with Court orders.  (document # 7)

28

1    When considering whether to dismiss an action for failure to comply court orders, the

2    court must consider: "'(1) the public's interest in expeditious resolution of litigation; (2) the

3    court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

4    policy favoring disposition of cases on their merits; and (5) the availability of less drastic

5    sanctions.'" Malone v. United States Postal Service, 833 F.3d 128, 130 (9th Cir. 1987)(quoting

6    Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).

7    The first two factors weigh in favor of dismissal.  Plaintiff has not taken any action since

8    he filed this action on December 16, 2005.  Federal Rule of Civil Procedure 41(b) "obligates

9    plaintiffs to prosecute their claims with reasonable diligence." Petrich v. City of El Cerrito, No.

10   C 92-4087 BAC, 1993 WL 381307, * 2 (N.D.Cal., September 17, 1993)(citing Anderson v. Air

11   West, Inc., 542 F.2d 522 (9th Cir. 1976).  Plaintiff's failure to advise the Court of his current

12   address and failure to submit a complete service packet has brought this matter to a halt.

13   Third, Plaintiff bears the burden of persuasion as to the reasonableness of his delay and

14   lack of prejudice to Defendant.  Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984).  "In

15   determining whether a defendant has been prejudiced, [the court] examine[s] whether the

16   plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the

17   rightful decision of the case."  Malone, 833 F.2d at 131 (citing Rubin v. Belo Broadcasting

18   Corp. (In re Rubin), 769 F.2d 611, 618 (9th Cir. 1985)).  As previously stated, Rule 41(b)

19   requires a plaintiff to prosecute his case with reasonable diligence.  Moore v. Telfon

20   Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978).  The Ninth Circuit has held that

21   "'failure to prosecute diligently is sufficient by itself to justify a dismissal.'"  Nealey v.

22   Transportacion Maritima Mexicana, 662 F.2d 1275, 1280 (9th Cir. 1980)(quoting Anderson, 542

23   F.2d at 524).  An unreasonable delay creates a presumption of prejudice to defendant.  Nealey,

24   662 F.2d at 1280 (citation omitted).   Here, Plaintiff has not taken any action in this matter

25   December of 2005 and has disregarded court orders.  Under these circumstances, the Court finds

26   that Plaintiff has not satisfied his burden of persuasion on the issue of prejudice.  Franklin v.

27   Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984)(finding that district court did not abuse its

28

1  discretion in dismissing action based on plaintiff's failure to serve process where plaintiff had

2  failed to satisfy his burden of establishing lack of prejudice to defendants.)

3      Fourth, the Order to Show Cause warned Plaintiff that the Court may dismiss the matter

4  if Plaintiff did not show cause for his failure to comply with court orders.  This warning satisfies

5  the Court's obligation to consider less drastic alternatives to dismissal.  See Malone, 833 F.2d

6  at 132 (citations omitted).

7      Finally, the public policy in favor of deciding cases on the merits weighs against

8  dismissal.  This factor alone, however, does not outweigh the other factors which support

9  dismissal.  Malone, 833 F.2d at 133 n.2.

10     After review of the foregoing factors, the Court finds that this matter should be dismissed

11 based on Plaintiff's failure to comply with court orders.  See Ferdik v. Bonzelet, 963 F.2d 1258,

12 1260 (9th Cir. 1992)(stating that district courts have the authority to "control their dockets and,

13 . . . they may impose sanctions including, where appropriate, . . . dismissal of a case." )(internal

14 quotation omitted).

15     Accordingly,

16     IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice

17 for failure to comply with court orders pursuant to FED.R.CIV.P. 41(b).

18     This recommendation is not an order that is immediately appealable to the Ninth Circuit

19 Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate

20 Procedure, should not be filed until entry of the District Court's judgment.  The parties shall

21 have ten days from the date of service of a copy of this recommendation within which to file

22 specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),

23 Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a

24 response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and

25 Recommendation may result in the acceptance of the Report and Recommendation by the

26 District Court without further review.  See United States v. Reyna- Tapia, 328 F.3d 1114, 1121

27 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate

28 Judge will be considered a waiver of a party's right to appellate review of the findings of fact

1  in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule

2  72, Federal Rules of Civil Procedure.

3      DATED this 12th day of April, 2006.

4

5

6

7      Lawrence O. Anderson

8      United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28